### IN RE ASSIGNMENT OF HENRY F. STOTHFANG.

1. SUFFICIENT POSSESSION TO VEST TITLE ON PLEDGE.

   A note, given to secure a surety, reciting that promisor has "deposited or pledged as collateral security for the payment of this note the same warehouse receipts for whiskey now in possession of the Atlas National Bank and pledged with said bank as collateral security for loans or their renewals of loans, and after payment of said loans or their renewals to the Atlas National Bank, then the balance of said warehouse receipts are to be held as collateral security to this note," the possession being as full and complete as the nature of the case would permit, is sufficient to vest title in the second pledgee.

2. CONTRACT NOT INVALIDATED BY INSOLVENCY OF PARTNER.

   Where it appears that such pledge was made by a partnership without other liabilities at the time, it is not within sec. 6343, Rev. Stat., as amended 93 O. L., 290, relating to conveyances by debtors in contemplation of insolvency, or invalidated by the insolvency of one of the partners who subsequently, upon dissolution, succeeded the firm.

HEARD ON ERROR.

GIFFEN, J.

From the agreed statement of facts it appears that on April 16, 1898, Ferdinand Dibowski accepted in satisfaction and payment of a note given to him by H. F. Stothfang another note as follows:

"$1,000.                                          CINCINNATI, O.
                                                      "April 16, 1898.

"One year after date we promise to pay to the order of Ferdinand Dibowski one thousand dollars. Payable at Cincinnati, Ohio, with six per cent. interest per annum. Value received.

        "(Signed)        "H. F. STOTHFANG,
                        "F. H. STOTHFANG,
                        "LOUISA STOTHFANG."

On the back of which Henry Dieckmann signed his name before delivery to Dibowski. The same was not paid when due. Payment was demanded and suit was about to be commenced for the same, when

Dieckmann executed and delivered to Dibowski his individual note for $1,000, secured by mortgage upon his real estate.

To secure Dieckmann, H. F. Stothfang and F. H. Stothfang executed, and delivered to Henry Dieckmann their promissory note, dated May 12, 1899, for $1,000, payable to his order "having deposited or pledged as collateral security for the payment of this note the same warehouse receipts for whiskey now in the possession of the Atlas National Bank and pledged with said bank as collateral security for loans or their renewals of said loans, and after the payment of said loans or their renewals to the Atlas National Bank, then the balance of said warehouse receipts are to be held by the said Henry Dieckmann as collateral security to this note."

H. F. Stothfang for a year or more prior to this transaction was in partnership with his brother, F. H. Stothfang, and they did business under the firm name of H. F. Stothfang & Brother.

Said partnership was dissolved and H. F. Stothfang continued the business, assuming its liabilities and taking its assets. H. F. Stothfang at the time was insolvent, and on August 7, 1899, made a general assignment for the benefit of creditors.

Dieckmann claims to be entitled to payment in full of his note and interest out of the proceeds of sale of the warehouse receipts now in the hands of the assignee. This is resisted by the general creditors on the grounds:

First. That there was no delivery of possession of the warehouse receipts to Dieckmann.

Second. That the transfer was fraudulent and void as to creditors under sec. 6343, Rev. Stat., as amended 93 O. L., 290.

By the terms of the collateral note Dieckmann was to have actual possession of the balance of the warehouse receipts after payment to the Atlas National Bank. The bank was at once notified of the pledge to Dieckmann and requested to deliver to him the warehouse receipts remaining after payment of its claim.

In Jones on Pledges, sec. 34, it is said: "But possession may be held by a third person for a pledgee, when such person will be considered as the pledgee's agent." We think that the possession of Dieckmann as pledgee was as full and complete as the nature of the case would admit.

It is further claimed that the pledge of the warehouse receipts was a preference within the inhibition of sec. 6343, Rev. Stat., as amended, which provides that every conveyance, transfer, etc., made by a debtor in contemplation of insolvency, or with a design to prefer one creditor to the exclusion of others, shall be declared void, and shall inure to the benefit of all creditors. And every such conveyance or transfer made, in the event of a deed of assignment being filed within ninety days after the giving or doing of such thing or act, shall be conclusively deemed fraudulent and void as to the assignee of such debtor, where, upon proof shown, such debtor was insolvent at the time of giving or doing such act.

It will be observed that the collateral note was a joint obligation of H. F. Stothfang and F. H. Stothfang, and a joint pledge of the warehouse receipts, and that the statement of facts as to partnership and its dissolution warrants the inference that at the time the note was executed the partnership was still in existence and the owners of the property pledged, and that the dissolution occurred subsequently. It does not

appear that as partners they had any other liabilities, and hence it could not be a preference of one creditor to the exclusion of others.

Judge Smith and Judge Swing concur in the judgment of affirmance, but for the reason that H. F. Stothfang was alone the owner of the warehouse receipts at the time they were pledged, and that as surety he was not a creditor of his principal, within the meaning of sec. 6343, Rev. Stat., until he paid the debt.

Judgment affirmed.

*Renner, Gordon & Renner*, for Dieckmann.

*Charles F. Williams*, for the general creditors.

*A. H. Bode*, for the assignee.